## THE ESTRAY CASES.

THE STATE v. THOMAS J. HARVEY.
THE STATE v. EDWARD J. RIBBLE.
THE STATE v. LEWIS STEPHENS.
THE STATE v. RILEY CROSS.

The 1st section of the act of December 7, 1863, (Laws 10th Leg., p. 8,) reads as follows: "From and after the passage of this act, all laws and parts of laws providing for the estraying of stock, and prescribing the course of proceedings in the same, and of selling stock heretofore estrayed, shall be in all things suspended for and during the existence of the present war, and until six months after peace shall be concluded, with the exceptions hereinafter mentioned." (Paschal's Dig., Art. 3702.)

This did not in a proper sense suspend, *in toto*, the estray laws, but only so modified them as to make them, for the time specified in the act, applicable only to "vicious" or "breachy" animals, so unruly as to be dangerous and unfit to run at large. (Paschal's Dig., Arts. 3703, 3704.)

The object and policy of the act were to prevent other than breachy animals to be taken up and used by those remaining at home while the soldiers were in the field. It was not intended to withdraw protection from safe animals.

The act above referred to did not abrogate article 775 *b* of the Penal Code, nor so affect it as to necessitate any change in the form of indictments founded upon it. (Paschal's Dig., Art. 2440.)

APPEAL from Johnson. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The character of these cases is sufficiently apparent from the opinion of the court, which was delivered in the case against Harvey, but is made applicable to the others. The defendants were indicted under article 775 *a* of the Penal Code, which reads as follows: "If any person shall unlawfully remove, sell, or in any other manner dispose of any animal which has been taken up by him as an estray, he shall be punished by fine not exceeding double the value of the property so unlawfully disposed of." (Paschal's Dig., Art. 2440.) The indictments were quashed,

under the belief that the law, "to suspend the operations of the estray laws, for and during the existence of the present war and for six months afterwards, except in certain cases," suspended not only the right to take up and use estray animals, but also the right to punish for taking up and using such animals. (Paschal's Dig., Arts. 3703 to 3705.) The State appealed.

No briefs on either side furnished to the *Reporter*.

SMITH, J.—The appellee was indicted for taking up and using an estray horse without complying with the laws regulating estrays. Upon his exception to the indictment for insufficiency it was quashed, to which ruling the State excepted, and brings the case to this court by appeal.

No specific grounds were assigned in the motion to quash the indictment, nor does the defendant appear here and make more specific objections to it. It is supposed, however, that it was quashed upon the grounds, that the laws providing for estraying stock were suspended until six months after the termination of the then existing war, by act of December 7, 1863. (Acts 10th Leg., p. 8; Paschal's Dig., Art. 3702.) It will be seen that this act did not properly suspend the estray laws, but only modified them, and made them applicable for the time alone to "vicious" or "breachy" animals, so unruly as to be dangerous and unfit to run at large; and it further provided, that persons who had estrayed animals before the passage of this law might sell them.

The article (775 *b*, O. & W. Dig., Penal Code,) under which the defendant was indicted, reads as follows: "If any person shall, without complying with the laws regulating estrays, take up and use, or otherwise dispose of, any animal coming within the meaning of an estray, he shall be punished as prescribed in the preceding article."

If the total repeal or suspension of the estray laws

could have been construed as thereby repealing or suspending article 775 *b* aforesaid, which we are not prepared to admit, or, to say the least of it, is attended with much doubt, still, we are of opinion that the act of December, 1863, aforesaid, did not affect article 775 *b* aforesaid, so as to make it necessary to draw an indictment otherwise than to follow the words of the article as set forth in the indictment in this cause.

It is urged with much plausibility, that the sole object which the legislature intended to accomplish by the act of December 7, 1863, was, to prevent persons, who were at home and not in the army, from taking up and using the stock of others, who were compelled to be absent from home for years in defense of the country, and were deprived of the opportunity of looking after their stock and to prevent the stock from straying off into the hands of others, to be used and perhaps destroyed: and that it intended to make it an offense, for the time specified, (during the war and six months thereafter,) for any person to take up and use an estray which was not likely to injure any person or property; and to place it out of the power of those remaining at home to profit upon the use of the stock of their neighbors who were necessarily absent in the army. Any other construction of this act would seem to involve this singular conclusion, that it would amount to no crime to take up and use an inoffensive estray, but it would be an offense to take up and use a vicious or breachy animal without complying with the estray laws on the subject; in other words, that the soldier and absent person had the criminal laws of the country to protect him in his rights to any vicious or breachy animal he owned, but that code of laws paid no respect to his rights to inoffensive stock, and that it might be taken up and used with impunity, so far as the criminal laws are concerned, provided the offense of theft was not involved in the taking up of the estray. However it may be determined, we now deem it

'unnecessary to decide that question, and for the error in quashing the indictment the judgment below is reversed and cause remanded.   This opinion and order will apply to the following cases:

No. 2996, The State of Texas v. Lewis Stephens;

No. 2989, The State of Texas v. Edward J. Ribble;

No. 3004, The State of Texas v. Riley Cross;

All of which are

REVERSED AND REMANDED.